MINUTE ENTRY
KNOWLES, M.J.
MARCH 7, 2012

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**COLONIAL FREIGHT SYSTEMS, INC.**           **CIVIL ACTION**

**VERSUS**                                    **NO. 11-1755**

**ADAMS & REESE, L.L.P.**                     **SECTION "H" (3)**

On this date, defendant's Motion for Sanctions and Attorneys' Fees Pursuant to Fed. R. Civ. Proc. 37(b)(2) [Doc. #20] and plaintiff's Motion to Compel Discovery [Doc. #35] came on for oral hearing before the undersigned. Present were Scott McQuaig on behalf of plaintiff and Daniel Lund and Ryan McCabe on behalf of defendant. For the reasons stated on the record,

**IT IS ORDERED** that defendant's Motion for Sanctions and Attorneys' Fees Pursuant to Fed. R. Civ. Proc. 37(b)(2) [Doc. #20] is GRANTED IN PART as outlined herein. **No later than seven (7) days from the date of this Minute Entry**, counsel for defendant shall re-propound discovery requests on plaintiff in which they outline with specificity the documents that they think that plaintiff possesses and which plaintiff has not produced. **No later than seven (7) days from the date of service of the discovery requests**, plaintiff shall respond to said requests. After review of any production of documents by plaintiff, defendant may re-depose Ruby McBride, but in no

event **later than thirty (30) days from the date of this Minute Entry**.  The Court presumes that counsel for defendant shall restrict the questioning at the second deposition to the documents produced since McBride's first deposition.  Should counsel find themselves unable to do so, counsel shall contact the Court by letter.

In all other respects, the motion is denied.  This Minute Entry reserves the right to defendant to re-urge any request for attorneys' fees and costs, should circumstances so warrant.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Discovery [Doc. #35] is DENIED.  The Court has carefully reviewed the discovery requests, the answers to which plaintiff contends are deficient.   Parties are entitled to discovery relevant to the claims and/or defenses in a lawsuit. Fed. R. Civ. P. 26(b)(1).  Plaintiff claims that defendant provided it with substandard and negligent representation, breached fiduciary duties and failed to adequately represent its interests in the lawsuit.  Plaintiff also alleges that defendant engaged in unauthorized billing, increased its hourly rate without authorization, charged it excessive fees and costs and charged it for services that were not performed.  None of the requested information bears on plaintiff's claims here – *i.e.*, the requests are not reasonably calculated to lead to the discovery of evidence admissible to prove whether defendant's representation of plaintiff in the *Williams* lawsuit met the professional standard of care.  The requests are overbroad as worded.  The Court can not fathom how malpractice allegations and lawsuits against the other approximately 300 attorneys in defendant's firm nor hours billed to other clients are relevant to plaintiff's claims here. The other requests are similarly irrelevant. There are no allegations of firm-wide malpractice here. The Court finds that defendant's responses – limited as they were to Ronald Sholes and Christopher D'Amour, the specific attorneys at issue in this lawsuit – are sufficient.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**