UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **COLONIAL FREIGHT SYSTEMS INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1755** |
| **ADAMS & REESE LLP** | **SECTION "H"(3)** |

### ORDER & REASONS

Before the Court is Defendant Adams & Reese LLP's Motion for Summary Judgment (Doc. 23). The Motion is **GRANTED**. Plaintiff's legal malpractice claims are dismissed with prejudice. Plaintiff's claims based on Defendants' billing practices are reserved.

### BACKGROUND

Plaintiff Colonial Freight Systems, Inc. ("Colonial") filed this legal malpractice action against Defendants Adams & Reese LLP ("Adams & Reese") on July 20, 2011. Colonial was a defendant in a previous action in Civil District Court for the Parish of Orleans ("CDC"). Ronald Sholes and Christopher D'Amour, both attorneys at Adams & Reese, represented Colonial in the CDC action.

1

The CDC litigation settled on October 14, 2010. Colonial alleges that during the CDC case, Adams & Reese's representation was negligent and substandard and breached Adams & Reese's fiduciary duty to Colonial. Plaintiff also alleges that Defendant engaged in unauthorized billing and charged excessive fees and costs for services that were misrepresented or not performed.

Adams & Reese filed the current motion on February 14, 2012, asking the Court to grant summary judgment in its favor on Colonial's legal malpractice claims. Colonial filed its opposition on March 6, 2012, and Adams & Reese filed a reply on March 15, 2012. Colonial filed a surreply on April 24, 2012. The Court heard oral argument on the motion on May 6, 2012, and took the motion under submission at that time. Defendant's Motion addresses only those claims based on the settlement in the CDC litigation; it does not address any allegations regarding Adams & Reese's billing practices. In addition, counsel for Adams & Reese agreed at oral argument that its motion sought to dismiss only the legal malpractice claims and not any claims based on the firm's billing practices. Accordingly, the Court addresses only Colonial's legal malpractice claims based on the CDC settlement. Any claims regarding billing practices are reserved.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her

2

favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). A fact is material "if it might affect the outcome of the suit under the governing substantive law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.,* 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Once the movant establishes that no genuine issue of material fact exists, the burden shifts to the non-moving party to show that a genuine issue for trial exists. *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995). If the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Courts may grant summary judgment when the evidence is "merely colorable" or is "not significantly probative." *Anderson,* 447 U.S. at 249-50 (citations omitted).

## LAW & ANALYSIS

Defendant's Motion for Summary Judgment is granted. The Court concludes that Colonial cannot prove a loss based on an alleged lost opportunity to make a jury demand. As proving causation of a loss is a necessary element of a legal malpractice claim in Louisiana, summary judgment must be granted.

To establish a valid legal malpractice claim under Louisiana law, a plaintiff must prove: "(1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and

3

(3) loss caused by that negligence." *MB Indus., LLC v. CNA Ins. Co.*, 74 So. 3d 1173, 1184 (La. 2011). The claim cannot succeed if any one of these elements is not met. *Palumbo v. Shapiro,* 2011 WL 6210725, at *7 (La. App. 4 Cir. Dec. 14, 2011).

To meet the third element of the legal malpractice test, a plaintiff must show evidence that the defendant's alleged negligence caused the plaintiff's loss. *MB Indus.,* 74 So.3d at 1187. To make this showing, the plaintiff must prove that the attorney's performance would have prevented the loss. *Holland*, 971 So.2d at 1231. If the alleged loss would have resulted irrespective of any alleged negligence, that alleged negligence is not actionable as a substantial factor or a cause in fact. *Exec. Recruitment v. Guste, Barnett & Shushan*, 533 So.2d 129, 131 (La. App. 4 Cir. 1988), *writ denied*, 535 So.2d 742 (La. 1989). In other words, "[s]imply establishing that an attorney was negligent, whether based upon the failure to conform to an ethical rule or some other standard, would not be sufficient to state a cause of action for legal malpractice." *Teague*, 10 So. 3d at 821 (citing *Exec. Recruitment*, 533 So. 2d at 131). In limited circumstances, courts may presume damages once the plaintiff establishes that an attorney-client relationship existed and the defendant was negligent. *Jenkins v. St. Paul Fire & Marine Ins. Co.,* 422 So.2d 1109 (La. 1982).

For purposes of the current Motion, Adams & Reese concedes *arguendo* that an attorney-client relationship existed between it and Plaintiff, and that Adams & Reese was negligent. Accordingly, the Court only addresses the third element of Colonial's legal malpractice claim. Colonial urges the Court to apply *Jenkins* to this case and find a rebuttable presumption of

4

damages. Colonial then argues that Adams & Reese has not rebutted that presumption successfully.

The Court finds that *Jenkins* is not applicable to this case and does not apply a rebuttable presumption of damages in favor of Plaintiff. In *Jenkins,* the Louisiana Supreme Court recognized that a rebuttable presumption of damages is appropriate in certain legal malpractice cases. Specifically, the court held that "once the client has proved that his former attorney accepted employment and failed to assert the claim timely, then the client has established a prima facie case that the attorney's negligence caused him some loss." *Jenkins,* 442 So.2d at 1110. Subsequent cases, including the case on which Colonial relies, have pointed out that the *Jenkins* court limited its holding to the situation in that case, specifically "the final or complete loss of an opportunity to assert a legal claim (or, conversely, to present a defense) caused by the attorney's negligent failure to comply with the applicable procedural standards or constraints." *Leonard v. Reeves,* No. 11-1009, 2012 WL 98554 (La. App. 1 Cir. Jan. 12, 2012) (citing *Jenkins,* 442 So.2d at 1110). The court in *Leonard* reiterated that cases following *Jenkins* confirmed that the *Jenkins* rule does not apply in all legal malpractice cases. *Id.* Here, Colonial does not argue that it suffered a loss of an opportunity to present a defense or assert a legal claim. Colonial also does not argue that Adams & Reese failed to comply with any procedural standards or constraints. Rather, Colonial argues that it lost the opportunity to request a jury trial. A jury demand is not a defense or a legal claim. As *Jenkins* specifically limited its holding to cases in which the plaintiff suffered the loss of an

5

opportunity to assert a legal claim or present a defense because of an attorney's failure to comply with procedural requirements, the *Jenkins* rule is inapplicable in this case.

As no presumption of damages exists in this case, the burden remains on Colonial to show that the alleged negligence of Adams & Reese caused Colonial's loss. *See Teague v. St. Paul Fire & Marine Ins. Co.,* 10 So.3d 806, 827 (La. App. 1 Cir.), *writ denied,* 10 So.3d 722 (La. 2009). Colonial has not met this burden because it has not shown that it would not have suffered a loss but for Adams & Reese's alleged negligence. As the court in *Teague* explained:

> A procedural right to trial by jury has no intrinsic economic value, and cannot be bought or sold as a commodity. And if it is truly the loss of the right to jury trial of which [the plaintiff] complains . . . by what standards should a trier of fact determine the respective values of a lost opportunity for jury trial versus an existing opportunity for a bench trial?

*Id.* at 840-41. The court went on to criticize the plaintiff's argument that a bench trial provoked the settlement in that case "[b]ecause it seemingly made an adverse decision a foregone conclusion." *Id.* As the court stated,

> In order for the substitution of the trial judge for a jury to have a practical negative effect, and to amount to actionable malpractice resulting in damages, the likelihood or even inevitability of an adverse decision on liability or damages by that trial judge (as contrasted with a jury) must be presupposed. We decline to entertain such a clearly speculative assumption as to the impartiality and objectivity of the trial judge.

*Id.*

Colonial's argument echoes that of the plaintiff in *Teague.* Specifically, Colonial argues that its decision to settle the CDC matter was not voluntarily. Rather, Colonial felt as though it had no

6

choice but to settle because of a fear that refusing the judge's suggested settlement would work against them at trial. Inherent in this argument is the suggestion that the judge would have been unable to adjudicate the case against Colonial impartially and objectively had Colonial not settled. Any argument about what the judge would have done versus what a jury would have done is speculative in nature and contrary to the basic policy that either would be equally fair as fact finder. Accordingly, Colonial is unable to prove causation of loss and the Court grants summary judgment as to Colonial's legal malpractice claims.

## CONCLUSION

Defendant Adams & Reese's Motion for Summary Judgment is granted. Colonial's legal malpractice claims based on the CDC settlement are dismissed with prejudice, as Plaintiff cannot prove that Defendant's alleged negligence caused Plaintiff any loss. Plaintiff's remaining claims are reserved.

New Orleans, Louisiana, on this 3rd day of May, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

7