UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLONIAL FREIGHT SYSTEMS INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1755** |
| **ADAMS & REESE LLP** | **SECTION "H"(3)** |

## ORDER & REASONS

Before the Court is Defendant Adams & Reese LLP's Motion for Summary Judgment as to Plaintiff's Remaining Claim and Defendant's Counterclaim. (R. Doc. 85.) The Motion is **GRANTED.** Judgment is entered in favor of Defendant Adams & Reese LLP in the amount of $8,832.54.

### BACKGROUND

Plaintiff Colonial Freight Systems, Inc. ("Colonial") filed this action against Defendant Adams & Reese LLP ("Adams & Reese") on July 20, 2011. Colonial was a defendant in a previous action in Civil District Court for the Parish of Orleans ("CDC"). Ronald Sholes and Christopher D'Amour, both attorneys at Adams & Reese, represented Colonial in the CDC action. The CDC litigation

1

settled on October 14, 2010. Colonial alleges that during the CDC case, Adams & Reese's representation was negligent and substandard and breached Adams & Reese's fiduciary duty to Colonial. Plaintiff also alleges that Defendant engaged in unauthorized billing and charged excessive fees and costs for services that were misrepresented or not performed. Defendant filed a counterclaim alleging that Plaintiff failed to pay fees as agreed.

On May 3, 2012, this Court dismissed Plaintiff's legal malpractice claims. (R. Doc. 77.) Plaintiff's billing claims were reserved. Defendant filed the current Motion for Summary Judgment on May 23, 2012, asking the Court to enter a judgment in its favor on its counterclaim and Plaintiff's billing claims. (R. Doc. 85.) Plaintiff opposed the Motion on June 5, 2012 (R. Doc. 95), and Defendant filed a Reply on June 8, 2012 (R. Doc. 99). For the reasons that follow, the Motion is granted.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). A fact is material "if it might affect the outcome of the suit under the governing substantive law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party."  *Beck v. Somerset Techs., Inc.,* 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Once the movant establishes that no genuine issue of material fact exists, the burden shifts to the non-moving party to show that a genuine issue for trial exists.  *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995).  If the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is appropriate.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Courts may grant summary judgment when the evidence is "merely colorable" or is "not significantly probative." *Anderson,* 447 U.S. at 249-50 (citations omitted).

## DISCUSSION

Defendant's Motion for Summary Judgment is granted.  Plaintiff is unable to show the existence of a genuine issue of material fact for trial.

Defendant's Counterclaim alleges that Plaintiff still owes it $39,378.54 that was billed and remains unpaid.  (R. Doc. 6.)  Plaintiff admits in its answer to the counterclaim that this amount remains unpaid.  Paragraph 11 of Plaintiff's Complaint addresses this billing dispute.  That paragraph alleges that Defendant:

> [E]ngaged in unauthorized billing, increased its hourly rate and/or changed its billing protocol without authorization or agreement by Colonial Freight; charged and/or attempted to charge Colonial Freight for services that were misrepresented and/or were not performed.

(R. Doc. 1, ¶ 11.)  As part of discovery, Defendant requested all facts and production of all documents supporting Plaintiff's billing allegations.  In response, Plaintiff provided an "Attorney Billing Summary" that it prepared.  This summary quantified the increased rate issue at $25,197.00 and other billing issues at $5,349.00.  (R. Doc. 85-6.)  Based on this summary, the total amount of billing that Plaintiff disputes is $30,546.00.  Prior to the close of discovery, Plaintiff provided no information showing that any billing beyond this $30,546.00 was in dispute.

Although Plaintiff submitted additional billing summaries with its opposition, arguing that the total amount of disputed billing is more than $30,546.00, the Court will not consider this new evidence.  Under this Court's Scheduling Order, discovery closed on May 11, 2012. (R. Docs. 9, 31.) Trial was set to begin on June 25, 2012.  (R. Doc. 9.)  Plaintiff, however, failed to provide information relating to these additional damages until it filed its opposition on June 5, 2012, nearly a month after the close of discovery.  (R. Doc. 95.)  Under Fed. R. Civ. P. 16(b), a district court's scheduling order "[m]ay be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (2012).  In addition, district courts have broad discretion to "[c]ontrol their dockets by refusing to give ineffective litigants a second chance to develop their case." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 537 (quoting *Reliance Ins. Co. v. La. Land & Exploration, Co.*, 110 F.3d 253, 258 (5th Cir. 1997).  As Plaintiff has not demonstrated good cause as to why discovery should be re-opened and did not ask the judge's consent to re-open discovery and reveal new evidence of damages less than one month before trial, the Court will not consider

this new evidence.

For purposes of this Motion, Defendant has agreed to accept a judgment in its favor for the difference between its counterclaim and Plaintiff's claim.  At the end of discovery, Plaintiff's had disclosed evidence of damages in the amount of $30,546.00.  Defendant's counterclaim is for $39,378.54.  As Defendant has agreed not to dispute the $30,546.00 for purposes of this motion, no genuine issue of material fact exists as to the damages due to Defendant on its counterclaim.  Plaintiff admits that it has not paid Defendant the $39,378.54 for which it was billed.  Accordingly, summary judgment is granted in favor of Defendant.

## CONCLUSION

Defendant's Motion for Summary Judgment is granted.  No genuine issue of material fact for trial exists.  Judgment is entered in favor of Defendant Adams & Reese LLP in the amount of $8,832.54.

New Orleans, Louisiana, on this 6th day of August, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

5