UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COLONIAL FREIGHT SYSTEMS, INC.**                 **CIVIL ACTION**

**VERSUS**                 **NO: 11-1755**

**ADAMS & REESE, LLP.**                 **SECTION: "H"(3)**

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration of Bill of Costs Taxed Against Plaintiff filed by Colonial Freight Systems, Inc. (R. Doc. 113.) For the following reasons, the Motion is DENIED.

### BACKGROUND

On August 6, 2012, this Court granted summary judgment in favor of Defendant Adams & Reese, LLP, and entered a money judgment in Defendant's favor. (R. Docs. 101; 102.) Defendant filed its Bill of Costs on September 20, 2012 (R. Doc. 107), which Plaintiff opposed on October 3, 2012 (R. Doc. 108). On October 17, 2012, the Clerk of Court entered the Bill of Costs into the

1

record.  (R. Doc. 110.)

Plaintiff filed the instant Motion to Reconsider on November 19, 2012 (R. Doc. 113), which Defendant opposed on January 8, 2013 (R. Doc. 117).  Plaintiff filed a reply on January 17, 2013. (R. Doc. 122.)

**LEGAL STANDARD**

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure."  *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2001) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). Thus, depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)."  *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citations omitted).  Since the instant Motion was filed more than twenty-eight days after the entry of judgment, it is analyzed as a motion for relief under Rule 60.  *See id.*

"Rule 60(b)(1) provides that a party may be relieved from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 117 (5th Cir. 2008) (quoting Fed. R. Civ. P. 60(b)(1)).  The decision of whether to grant or deny a Rule 60(b) motion is within the trial court's sound discretion.  *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2002).

2

**LAW AND ANALYSIS**

Plaintiff moves this Court to dismiss the Bill of Costs as time-barred pursuant to Local Rule 54.3. Defendant counters that the Bill of Costs was filed timely, and in the alternative that Plaintiff has waived its right to challenge timeliness.

Local Rule 54.3 requires that a party in whose favor judgment is rendered file a motion to to tax costs within thirty-five days of receiving notice of entry of judgment. Since final judgment was rendered on August 6, 2012, the Bill of Costs was due by September 10, 2012. Thus, under a strict reading of the Local Rules, Defendant was untimely.

It is well established, however, that "[c]ourts have broad discretion in interpreting and applying their own local rules." *In re Matter of Adams*, 734 F.3d 1094, 1102 (5th Cir. 1984) (citations omitted). As Defense counsel made clear in his dealings with opposing counsel and this Court, the devastation caused by Hurricane Isaac impeded his ability to comply with Local Rule 54.3. Under such trying circumstances, it was entirely reasonable for Defendant to file the Bill of Costs a mere ten days after the deadline. Moreover, Plaintiff does not allege that it was prejudiced by the late filing.

**CONCLUSION**

For the reasons previously stated, the Motion to Reconsider is denied.

New Orleans, Louisiana, on this 4th day of February, 2013.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

4